## CIRCUIT COURT OF CHESTERFIELD COUNTY

Lyndall C. Dunning et al.

v.

Board of Supervisors et al.

June 20, 1984

Case No. (Chancery) 10377-82

## By JUDGE ERNEST P. GATES

The Court's role in a zoning case is clear. The Court cannot substitute its judgment for that of the Board of Supervisors in determining an appropriate zoning classification.

Plaintiff, throughout this litigation, has intimated that the Board of Supervisors conspired to favor one developer over another. This is a controversy between developers who own property adjacent to Chippenham Parkway, a limited access highway. The Court has allowed liberal and exhaustive pre-trial discovery. The evidence at trial failed to show any impropriety and partiality by the Board in rendering its decisions.

In all zoning cases, the Board must be fair and just to all applicants; however, each application should be judged on its own merits and the Board should consider the uniqueness of each parcel and the impact it would have on adjoining properties, the increase in traffic, the roadway accesses, densities and all the conditions involved in the proposals. At the outset, it might appear that the two applications are similar; however, there are many differences.

One who questions the actions of a legislative body and alleges that the action was unreasonable has the burden of proof to overcome the strong presumption of reasonableness. *Board of Supervisors v. Jackson*, 221 Va. 328 (1980).

Legislation is considered reasonable if the matter at issue is "fairly debatable."

A court must uphold a legislative action if, in the face of evidence of unreasonableness, ". . . evidence of reasonableness is sufficient to make the question fairly debatable. . ." *City of Richmond v. Randall*, 215 Va. 506, 511, 211 S.E.2d 56, 60 (1975). *Board of Supervisors of Fairfax County v. Williams*, 216 Va. 49, 216 S.E.2d 33 (1975); *Board of Supervisors of Fairfax County v. Allman*, 215 Va. 434, 211 S.E.2d 48 (1975); *Fairfax County v. Snell Corp.*, 214 Va. 655, 202 S.E.2d 889 (1973).

In *Board of Supervisors v. Williams*, 216 Va. 49, at page 58 (1975), the court noted:

> Given the human tendency to debate any question, an issue may be said to be *fairly* debatable when the evidence offered in support of the opposing views would lead objective and reasonable persons to reach different conclusions. The evidence to be sufficient for this purpose must meet not only a quantitative but also a qualitative test; it must be evidence which is not only substantial but relevant and material as well.
>
> In determining whether, in a given case, the presumption of reasonableness of zoning actions prevails or is overcome, we have established these maxims:
>
> "Where presumptive reasonableness is challenged by probative evidence of unreasonableness, the challenge must be met by some evidence of reasonableness. If evidence of reasonableness is sufficient to make the question fairly debatable, the ordinance 'must be sustained.' If not, the evidence of unreasonableness defeats the presumption of reasonableness and the ordinance cannot be sustained." *Board of Supervisors of Fairfax*

*County v. Snell Construction Corp.*, 214 Va. 655, 659, 202 S.E.2d 889, 893 (1974).

The defendants offered substantial evidence of reasonableness in support of the applications of Sigma I, Sigma II, and the amendment to General Plan 2000. The evidence showing the unreasonableness of the application for the HMK rezoning proposal was substantial and supported the denial by the Board of Supervisors. These decisions were "fairly debatable" and valid as legislative decisions of the Board.

The possible condemnation of property of HMK to extend Chinaberry Drive to Jahnke is irrelevant to determine the reasonableness of the Sigma rezoning decisions. Whether this possible acquisition by the County would meet the requirements of "public use" will be determined at some future time. The Sigma I and Sigma II rezonings were phased and not conditioned upon access to Jahnke Road via extension of Chinaberry Drive.

The Court adopts the finding of facts and conclusions of law submitted by the defendants as its findings and conclusions of law. Each zoning case will be dismissed with prejudice, and final judgment entered on behalf of the defendants.